UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 14-01233 DMG (Ex)** | Date | March 3, 2014 |
|---|---|---|---|
| Title | ***Jeanette Powers v. FedEx Corp., et al.*** | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING TO LOS ANGELES SUPERIOR COURT**

On December 17, 2013, Plaintiff Jeanette Powers filed a complaint against Defendants FedEx Corporation, Cynthia Brown, and Dane Worley in the Superior Court for the County of Los Angeles. [Doc. # 1.]  On February 18, 2014, Defendant FedEx filed a Petition and Notice of Removal to this Court. [Doc. # 1.]  Defendant FedEx argues that this Court has jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. # 1].

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff".).  The proponent of federal jurisdiction has the burden to prove, by a preponderance of the evidence, that removal is proper.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance."  *Id.* at 1107 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).  A party seeking to invoke diversity jurisdiction must affirmatively allege the actual citizenship of all the parties. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

FedEx alleges that Plaintiff Powers is a citizen of California as are Defendants Brown and Worley. (Not. of Removal ¶¶ 15, 21.)  Although, as alleged, the parties are not completely diverse, FexEx asserts that there is "minimal diversity as required by the United States Constitution and [c]ontemplated by the Constitutional Framers."  (*Id.* at 4.)  FedEx primarily relies on a law review article that asserts this proposition, along with legislative history from the Constitutional Convention, the text of Article III, and Supreme Court precedent that does not support this proposition.  (*See id.* ¶¶ 23-26, 29, Exh. G.)  This Court is bound to follow Ninth Circuit and Supreme Court precedents, not law review articles.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-01233 DMG (Ex)** | Date | March 3, 2014 |
|---|---|---|---|
| Title | *Jeanette Powers v. FedEx Corp., et al.* | Page | 2 of 2 |

    Because the Notice of Removal, on its face, fails to demonstrate complete diversity of citizenship and the Complaint alleges only state law claims, federal subject matter jurisdiction does not exist. The Court therefore remands the case to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**